Mohammed K. Ghods (SBN 144616)
mghods@lexopusfirm.com
Jeremy A. Rhyne (SBN 217378)
jrhyne@lexopusfirm.com
LEX OPUS
2100 N. Broadway, Suite 210
Santa Ana, CA 92706
Telephone:  (714) 558-8580
Facsimile:   (714) 558-8579

Attorneys for Defendant
STARLINE TOURS OF HOLLYWOOD, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VECTOR MEDIA SOUTH, LLC<br><br>       Plaintiff,<br><br>   vs.<br><br>STARLINE TOURS OF HOLLYWOOD, INC.<br><br>       Defendant. | Case No.: 2:20-cv-06738 DSF-JC<br><br>**DEFENDANT STARLINE TOURS OF HOLLYWOOD, INC.'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT** |

Defendant STARLINE TOURS OF HOLLYWOOD, INC. (hereinafter "Starline" or "Defendant"), responding to the Supplemental Complaint (hereinafter "Supplemental Complaint") of Plaintiff VECTOR MEDIA SOUTH, LLC (hereinafter "Plaintiff"), states and alleges as follows:

1.  Answering Paragraph 1 of Plaintiff's Supplemental Complaint, Defendant admits that Vector Media commenced this action on July 28, 2020, by filing its original complaint (the "Original Complaint") and admits that the Court issued a preliminary injunction in August 2021. Defendant, however, denies each and every other allegation contained in the paragraph.

2.  Answering Paragraph 2 of Plaintiff's Supplemental Complaint, Defendant admits that the Supplemental Complaint includes some alleged new facts not included in the Original Complaint and further admits that the parties' agreement commenced on February 1, 2012, and was to continue for 15 years, subject to early termination or renewal. Defendant denies each and every other allegation contained in the paragraph.

3.  Answering Paragraph 3 of Plaintiff's Supplemental Complaint, Defendant admits Vector Media and Starline entered into the subject agreement on or about December 20, 2011.

4.  Answering Paragraph 4 of Plaintiff's Supplemental Complaint, Defendant admits that Vector Media received substantial advertising space on certain Starline vehicles in exchange for agreed upon payments, which Vector refused to honor. Defendant denies each and every other allegation contained in the paragraph, including but not limited to the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

5.  Answering Paragraph 5 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of

which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

6. Answering Paragraph 6 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

7. Answering Paragraph 7 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

8. Answering Paragraph 8 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

9. Answering Paragraph 9 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

10. Answering Paragraph 10 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

11. Answering Paragraph 11 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

12. Answering Paragraph 12 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation in the paragraph, in part because

1  Defendant is without sufficient knowledge or information to form a belief
2  and on that basis, denies them.

3        13.    Answering Paragraph 13 of Plaintiff's Supplemental Complaint,
4  Defendant admits that the subject agreement commenced on February 1,
5  2012, and was to continue for 15 years, subject to early termination or
6  renewal.

7        14.    Answering Paragraph 14 of Plaintiff's Supplemental Complaint,
8  Defendant admits Vector has paid it funds over the life of the contract.
9  However, the exact amount and whether it was paid pursuant to the subject
10 agreement or other agreements is to be determined.

11       15.    Answering Paragraph 15 of Plaintiff's Supplemental Complaint,
12 Defendant admits that the portion quoted is found in Section 15(c) of the
13 subject agreement but denies any further characterization of the agreement's
14 terms, a copy of which has previously been provided to the Court, which sets
15 forth the precise agreement the parties reached and speaks for itself.

16       16.    Answering Paragraph 16 of Plaintiff's Supplemental Complaint,
17 Defendant denies the characterization of the agreement's terms, a copy of
18 which has previously been provided to the Court, which sets forth the precise
19 agreement the parties reached and speaks for itself.

20       17.    Answering Paragraph 17 of Plaintiff's Supplemental Complaint,
21 Defendant denies the characterization of the agreement's terms, a copy of
22 which has previously been provided to the Court, which sets forth the precise
23 agreement the parties reached and speaks for itself.

24       18.    Answering Paragraph 18 of Plaintiff's Supplemental Complaint,
25 Defendant admits that the portion quoted is found in Section 16(a) of the
26 agreement but denies the characterization of the agreement's terms, a copy of
27 which has previously been provided to the Court, which sets forth the precise
28 agreement the parties reached and speaks for itself.

19. Answering Paragraph 19 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation in the paragraph. Furthermore, Defendant is without sufficient knowledge or information to form a belief as to the beliefs or reasoning of Vector Media and on that basis, denies them.

20. Answering Paragraph 20 of Plaintiff's Supplemental Complaint, Defendant admits that on Friday, October 22, 2021, Starline emailed a "Notice of Default" to Marc Borzykowski, Vector Media's CEO, and that it mailed more than one copy of the Notice of Default to Vector Media via priority express mail and certified mail with return receipt requested. Attached hereto as **Exhibit A** is a true and correct copy of the October 22, 2021 email and Notice of Default.

21. Answering Paragraph 21 of Plaintiff's Supplemental Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph because the sentence is vague and incomplete, and on that basis denies them.

22. Answering Paragraph 22 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

23. Answering Paragraph 23 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

24. Answering Paragraph 24 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

25. Answering Paragraph 25 of Plaintiff's Supplemental Complaint,

Defendant admits that the portion quoted is found in the Notice of Default but denies the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

26. Answering Paragraph 26 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation in the paragraph, including the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

27. Answering Paragraph 27 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation in the paragraph, including the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

28. Answering Paragraph 28 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation in the paragraph, including the characterization of and argument regarding the Notice of Default, a copy of which has been provided to the Court showing the precise language of the Notice, which speaks for itself.

29. Answering Paragraph 29 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation in the paragraph.

30. Answering Paragraph 30 of Plaintiff's Supplemental Complaint, Defendant admits that Starline's counsel wrote to Vector Media's counsel on November 7, 2021, stating, among other things, that Starline had properly terminated the agreement for breach and that Starline intended to request that the Court dissolve the injunction accordingly, but denies each and every other allegation in the paragraph.

31. Answering Paragraph 31 of Plaintiff's Supplemental Complaint,

Defendant denies each and every allegation in the paragraph, in part because Defendant is without sufficient knowledge or information to form a belief as to what Vector Media was surprised by or believed.

32. Answering Paragraph 32 of Plaintiff's Supplemental Complaint, Defendant is without sufficient knowledge or information to form a belief as to what Vector Media discovered or perceived, and on that basis, denies each and every allegation in the paragraph.

33. Answering Paragraph 33 of Plaintiff's Supplemental Complaint, Defendant admits that Vector Media's counsel emailed a copy of the 2020 Revenue Share report to Starline's counsel on November 8, 2021, but denies each and every other allegation in the paragraph. Attached hereto as **Exhibit B** is a true and correct copy of the November 8, 2021 email and the 2020 Revenue Share report.

34. Answering Paragraph 34 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

35. Answering Paragraph 35 of Plaintiff's Supplemental Complaint, Defendant admits that Vector Media offered to pay the amount identified in the Revenue Share report to Starline but conditioned payment on extra-contractual demands. Defendant denies each and every other allegation contained in the paragraph.

36. Answering Paragraph 36 of Plaintiff's Supplemental Complaint, Defendant admits that Starline's counsel affirmed that Starline would file a motion to dissolve the injunction but denies each and every other allegation contained in the paragraph.

37. Answering Paragraph 37 of Plaintiff's Supplemental Complaint, Defendant is without sufficient knowledge or information to form a belief as to what these allegations are referring to and, on that basis, denies them.

38. Answering Paragraph 38 of Plaintiff's Supplemental Complaint,

Defendant denies each and every allegation contained in the paragraph.

39. Answering Paragraph 39 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

40. Answering Paragraph 40 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

41. Answering Paragraph 41 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

42. Answering Paragraph 42 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

43. Answering Paragraph 43 of Plaintiff's Supplemental Complaint, Defendant admits that on or about December 9, 2021, Defendant filed an application to dissolve the preliminary injunction based, in part, on its termination of the subject agreement, which was a serious change in circumstances, but denies each and every other allegation contained in that paragraph.

44. Answering Paragraph 44 of Plaintiff's Supplemental Complaint, Defendant admits that it stated in its motion that a basis for termination of the subject agreement was Vector Media's failure to pay the Revenue Share amount.

45. Answering Paragraph 45 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

46. Answering Paragraph 46 of Plaintiff's Supplemental Complaint, Defendant admits that it stated in its brief that "Starline gave notice to Vector that (1) it had failed to provide Starline with a net advertising revenue report; and (2) that Vector had failed to pay the monies due to Starline," but denies each and every other allegation contained in the paragraph, including but not limited to the accusation that this was a misrepresentation.

47. Answering Paragraph 47 of Plaintiff's Supplemental Complaint,

1  Defendant denies each and every allegation contained in the paragraph.

2      48.   Answering Paragraph 48 of Plaintiff's Supplemental Complaint,
3  Defendant denies each and every allegation contained in the paragraph.

4      49.   Answering Paragraph 49 of Plaintiff's Supplemental Complaint,
5  Defendant denies each and every allegation contained in the paragraph.

6      50.   Answering Paragraph 50 of Plaintiff's Supplemental Complaint,
7  Defendant denies each and every allegation contained in the paragraph.

8      51.   Answering Paragraph 51 of Plaintiff's Supplemental Complaint,
9  Defendant admits that the portion quoted is found in the Court's November 1,
10 2021 Order, but denies each and every other allegation contained in the
11 paragraph.

12     52.   Answering Paragraph 52 of Plaintiff's Supplemental Complaint,
13 Defendant repeats, re-alleges, and incorporates each and every answer stated
14 above, as though fully set forth herein.

15     53.   Answering Paragraph 53 of Plaintiff's Supplemental Complaint,
16 Defendant denies the characterization of the agreement's terms, a copy of
17 which has previously been provided to the Court, which sets forth the precise
18 agreement the parties reached and speaks for itself.

19     54.   Answering Paragraph 54 of Plaintiff's Supplemental Complaint,
20 Defendant denies the characterization of the agreement's terms, a copy of
21 which has previously been provided to the Court, which sets forth the precise
22 agreement the parties reached and speaks for itself.

23     55.   Answering Paragraph 55 of Plaintiff's Supplemental Complaint,
24 Defendant admits that it terminated the subject agreement based on Vector's
25 breach of the same but denies each and every other allegation contained in
26 the paragraph.

27     56.   Answering Paragraph 56 of Plaintiff's Supplemental Complaint,
28 Defendant denies each and every allegation contained in the paragraph.

57. Answering Paragraph 57 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

58. Answering Paragraph 58 of Plaintiff's Supplemental Complaint, Defendant repeats, re-alleges, and incorporates each and every answer stated above, as though fully set forth herein.

59. Answering Paragraph 59 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

60. Answering Paragraph 60 of Plaintiff's Supplemental Complaint, Defendant denies the characterization of the agreement's terms, a copy of which has previously been provided to the Court, which sets forth the precise agreement the parties reached and speaks for itself.

61. Answering Paragraph 61 of Plaintiff's Supplemental Complaint, Defendant admits that it terminated the subject agreement based on Vector's breach of the same but denies each and every other allegation contained in that paragraph.

62. Answering Paragraph 62 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

63. Answering Paragraph 63 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

64. Answering Paragraph 64 of Plaintiff's Supplemental Complaint, Defendant denies each and every allegation contained in the paragraph.

## GENERAL DENIAL

65. Unless specifically admitted, denied, modified, or otherwise controverted herein, Defendant denies each and every allegation of Plaintiff's Supplemental Complaint, including but not limited to unnumbered paragraphs, headings, arguments, damages sought, and other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

66. Plaintiff's Supplemental Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

67. Plaintiff's Supplemental Complaint and each and every claim alleged therein are barred by the doctrine of waiver by reason of Plaintiff's own actions and course of conduct, including but not limited to the knowing and intentional relinquishment of Plaintiff's right to strict performance by Defendant of the subject agreement.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel and Laches)**

68. Plaintiff's Supplemental Complaint and each and every claim asserted therein are barred by the doctrines of estoppel and laches because Plaintiff, being apprised of all relevant facts, engaged in conduct intended by it to be acted upon by Defendant or that Defendant had the right to believe was so intended, and Defendant, ignorant of the true state of facts, reasonably relied upon that conduct to its detriment.

### FOURTH AFFIRMATIVE DEFENSE

**(Prior Material Breach)**

69. Defendant alleges that Plaintiff's Supplemental Complaint and each and every claim asserted therein are barred because Defendant's performance on the agreement was excused as a result of Plaintiff's prior material breach.

///

///

## FIFTH AFFIRMATIVE DEFENSE
### (Contract Ratified)

70.    Defendant alleges that Plaintiff's Supplemental Complaint and each and every claim asserted therein are barred because Plaintiff previously ratified Defendant's course of conduct and action complained of in the Supplemental Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Performance Excused)

71.    Defendant alleges that Plaintiff's Supplemental Complaint and each and every claim asserted therein are barred because the COVID-19 pandemic and the government orders related thereto rendered Defendant's performance on the agreement impossible or impracticable through no fault of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing/Capacity)

72.    Defendant alleges Plaintiff lacks standing and/or capacity to pursue any claims asserted in this lawsuit based on any actions Plaintiff took while legally suspended.

## EIGHTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

73.    Defendant alleges that it substantially performed any and all material obligations of the contract, which was accepted by Plaintiff, and which formed an accepted and ratified course of conduct by the parties in the performance of their contract.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

74.    Defendant alleges Plaintiff's unclean hands bar it from seeking the remedies it is seeking in this action.

## TENTH AFFIRMATIVE DEFENSE
### (Force Majeure)

75. Defendant alleges that because of an "act of God," its performance was rendered so impracticable that it was excused.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

76. Defendant alleges that Plaintiff failed to mitigate its damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Impossibility and Frustration of Purpose)

77. Defendant alleges that performance of the contract became commercially unfeasible at no fault of Defendant, and that circumstances arose which were not contemplated at the time of contract, and Defendant's performance was therefore discharged.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

78. Defendant alleges that Plaintiff's contractual claims that were not in writing are barred by the statute of frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Condition Precedent)

79. Defendant alleges that Plaintiff's claims against Defendant fail for failure of a condition precedent.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Fraud)

80. Plaintiff's Supplemental Complaint and each and every claim alleged therein are barred by Plaintiff's own fraud.

///
///

## PRAYER FOR RELIEF

WHEREFORE, Defendant STARLINE TOURS OF HOLLYWOOD, INC. requests the following:

1. That Plaintiff take nothing by reason of its Supplemental Complaint and that judgment be rendered in Defendant's favor;

2. That Defendant be awarded its attorneys' fees and costs to the extent permitted by contract and/or statute; and

3. That Defendant be awarded such other and further relief as it may deem just and appropriate.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Defendant STARLINE TOURS OF HOLLYWOOD, INC. asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues embodied in Plaintiffs' Supplemental Complaint and Defendant's answer thereto.

Dated: March 22, 2022                              LEX OPUS

                                                                       */s/ Mohammed K. Ghods*
                                                                       By: Mohammed K. Ghods
                                                                       Attorneys for Defendant
                                                                       STARLINE TOURS OF
                                                                       HOLLYWOOD, INC.

DEFENDANT STARLINE TOURS OF HOLLYWOOD, INC.'S ANSWER
TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 2100 N. Broadway, Suite 210, Santa Ana, California 92706.

I hereby certify that on March 22, 2022, I electronically filed the foregoing **DEFENDANT STARLINE TOURS OF HOLLYWOOD, INC.'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT** with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

> WRIGHT, L'ESTRANGE & ERGASTOLO
> Joseph T. Ergastolo
> jte@wlelaw.com
> 402 West Broadway, Suite 1800
> San Diego, California 92101
> Tel.: (619) 231-4844
> Fax: (616) 231-6710

Counsel of Record for Plaintiffs

Executed on March 22, 2022, at Santa Ana, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                            */s/ Ruth Lopez*